UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Teresa Bentley f/k/a Teresa Slevin,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  Case No.:1:15-cv-1050 |
| | ) |
| **Fenton & McGarvey Law Firm, PSC** | ) |
| **and Portfolio Recovery Associates, LLC** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendants transact business in this Judicial District.

## Parties

10. The Plaintiff, Teresa Bentley, f/k/a Teresa Slevin, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Fenton & McGarvey Law Firm, P.S.C., (hereinafter referred to as "Fenton & McGarvey"), is a debt collection agency and/or debt purchaser operating from an address at 2401 Stanley Gault Parkway, Louisville, KY 40223.

14. The Defendant, Fenton & McGarvey, is a debt collection agency but the Defendant is **NOT** licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. The Defendant, Portfolio Recovery Associates, LLC., (hereinafter referred to as "PRA", together with Fenton & McGarvey, "Defendants"), is a debt collection agency and/or debt purchaser operating from an address at 120 Corporate Blvd. Suite 100, Norfolk, VA 23502.

16. The Defendant, PRA, is a debt collection agency and is licensed by the State of Indiana. *See Exhibit "2" attached hereto*.

17. Defendants regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. The Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

19. Defendants are debt collection agencies attempting to collect a debt from Plaintiff.

20. Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

21. The debt owed by Plaintiff went into default.

2


22. After the debt went into default the debt was placed or otherwise transferred to Defendants for collection.

23. Plaintiff disputes the debt.

24. Plaintiff requests that Defendants cease all further communication on the debt.

25. Defendants' collector(s) were employee(s) and/or representative(s) of the Defendants at all times mentioned herein.

26. Defendants acted at all times mentioned herein through its employee(s) and/or representative(s).

27. On January 23, 2015, Defendant, Fenton & McGarvey, sent a dunning letter to Plaintiff stating that $6.990.10 was due on the debt to PRA. *See Exhibit "3" attached hereto*.

28. Thus, Defendant, Fenton & McGarvey, was attempting to collect $6,990.10 from Plaintiff.

29. Plaintiff did not make any payments toward this debt during the relevant time period.

30. On April 29, 2015, Plaintiff obtained and reviewed a copy of her Experian credit report. Defendant, PRA, was reporting the same alleged debt to Plaintiff's Experian credit report.

31. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies. *See* Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

32. On the Experian credit report dated April 29, 2015, PRA was reporting that $6,338 was due on the debt, "as of April 2015". *See Exhibit "3" attached hereto*.

33. Concurrent with these amounts, Defendant, PRA, was reporting that no payments have been made on this alleged debt. *See Exhibit "3" attached hereto*.

34. Plaintiff did not make any payments on this debt from August of 2013 through the date of the filing of this Complaint.

35. Additionally, the Experian credit report dated April 29, 2015, contains an "Account history", that shows the balance of the alleged debt ad different times. Indeed, the "Account history" shows that in January 2015, Defendant PRA was reporting that $6,338 was due. *See Exhibit "3" attached hereto*.

36. Thus, Defendant, PRA, was representing to Plaintiff, and the Experian credit reporting agency, that the debt was of a character that was not incurring any additional interest or

charges. However, at the very same instant, Defendant, Fenton & McGarvey, was representing that additional charges or interest amounting to approximately $652 had, in fact, occurred.

37. Defendants were therefore simultaneously representing that the character of the alleged debt was that it accrued interest while at the same time not accruing interest. Only one of these representations can be correct, as the amount of a debt cannot accrue interest while at the same time remaining static.

38. Additionally, Defendants were alleging vastly different amounts for the same debt at differing times, with no explanation to the consumer as to how those amounts were reached, confusing Plaintiff as to the true amount of this alleged debt.

39. Pursuant to Defendant PRA's representations to Plaintiff and the Experian credit reporting agency, Defendant Fenton McGarvey was attempting to collect an amount not authorized which constitutes a violation of the FDCPA.

40. Courts have found that when a debt collector demands varying amounts for the same debt that a violation of the 15 U.S.C. § 1692e occurs. *See* Hepsen v. Resurgent Capital Services, LP, 383 Fed.Appx. 877 (11th Cir. 2010)(holding that debt collector's letters that demanded a greater amount initially and then a lower amount later despite no payments being made on the account constituted a misrepresentation of the amount owed).

41. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 41 of the complaint are realleged and incorporated herewith by references.

2. The Defendants violated 15 U.S.C. §. 1692e by misrepresenting the amount of the debt to the Plaintiff.

3  The Defendants' acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by misrepresenting the amount owed in their attempts to collect a debt from the Plaintiff.

4  The Defendants' acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by attempting to collect an amount not authorized.

5   The Defendants misrepresented the amount of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e.

6   The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

7   The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

8   The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

9   As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com